UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEGGY HARLEY,

                          Plaintiff,

-against-

STREAMLICENSING NETWORKS LLC, et al.,

                          Defendants.

18-CV-9528 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1332. By order dated June 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action and grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff is a singer, songwriter, producer, and public speaker, who has worked in the music industry for a number of years. She is also a former employee of the United States Postal Service. In June 2008, Plaintiff commenced an action in this Court, *Harley v. Nesby*, No. 08-CV-5791 (KBF) (HBP) (S.D.N.Y. Sept. 26, 2012) (*Harley I*), to recover damages arising from the alleged infringement of her song "It Will Never Happen Again." Plaintiff asserted in that action that Ann Nesby, Timothy W. Lee, Vaugh Harper, and others conspired to steal her song and reworked it into the Grammy-nominated song "I Apologize," sung by Nesby and produced by Shanachie Entertainment Corporation (Shanachie). At a conference on April 13, 2012, Judge Katherine Forrest, formerly of this Court, granted Plaintiff's motion for summary judgment as to Nesby and Shanachie on her copyright infringement claim, but granted Shanachie's and Harper's summary judgment motion with respect to Plaintiff's state-law claims of conversion, tortious interference, intentional infliction of emotional distress, and unjust enrichment. *See id* (ECF No. 101).[1] Judge Forrest later issued a written opinion setting forth in greater detail the bases for that decision. *See id.*, 2012 WL 1538434, at *1 (S.D.N.Y. Apr. 30, 2012).

Plaintiff now brings this 315-page complaint against thirty defendants – including Nesby, Shanachie, and other defendants she sued in *Harper I* – but the events giving rise to this action are not presented clearly or chronologically. Plaintiff asserts that since the termination of *Harley I,* she has "experienced much hardship and greater escalation and violation of [her] [c]onstitutional and [c]ivil [r]ights, which is a related by-product of the [a]ction 08 CIV 5791 giving rise to [her] present claim." (ECF No. 2 at 8 ¶ 2.) In particular, Plaintiff claims that she

---

[1] Citations to the complaint and other documents refer to the pagination generated by the Court's electronic case filing system (ECF).

has been "blackballed in the Entertainment Industry" and that "[e]very attempt that [she has] made to better [her] life by starting businesses has been impassed and illegally taken over by those with malicious intentions." (*Id*. at 29 ¶ 64.) Plaintiff believes that Nesby and other defendants from *Harley I* have authored a wide-ranging conspiracy to sabotage any and all efforts on her part to build an online musical presence through websites, pages, online radio, and other outlets. But in the complaint, Plaintiff also raises matters that do not appear to be directly related to her musical career and the defendants she seeks to sue. Those matters include allegations that: she is undergoing "an illegal and fraudulent eviction by the New York City Housing Authority (NYCHA)" (*id*. at 11 ¶ 13); she is battling individuals and entities involved in the gentrification of her Long Island City neighborhood; she is fighting the Board of Election's scheme to remove her name from the registered voters roll; and she has been "a victim of mail fraud, mail tampering, forgery[,] and larceny" for a number of years (*id*. at 15 ¶ 25).

In addition to asserting that the defendants have frustrated her efforts to establish a musical presence online since the termination of *Harley I*, Plaintiff rehashes her claims and issues from *Harley I*. Plaintiff believes that the defendants in that action committed fraud and various crimes against her and that Judge Forrest was biased in her rulings and should have recused herself from the action. Plaintiff asserts the following:

> Because the Spearhead and defendants of these crimes against me have absolutely no respect for human life or the Judicial system whatsoever, and take no issue with deceiving the court or harming others, here I am again, back in [t]he Southern District of New York submitting a new complaint against the previous defendants and a group of new [] individuals and [c]orporations. They shall not have the things that I have desired when I have prayed. Get out of my garden in the name of YHWH!

(*Id*. at 101 ¶ 320.)

Plaintiff brings this complaint alleging that the defendants infringed on her copyright and violated her civil and constitutional rights, including freedom of speech, freedom of religion,

3

"five freedoms," and the right to pursue happiness. (*Id*. at 102.) She also asserts a slew of state law claims, including breach of contract, fraud, theft, loss of reputation, "aggravated online assault, online bullying, [c]yber aggravated harassment," organized crime, treason, email tampering, forgery, computer tracking, invasion of privacy, illegal surveillance, home invasion, and white collar crime. Plaintiff seeks monetary compensation. (*Id*.)

## DISCUSSION

### A. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which was overruled by *Twombly* on other grounds).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges

4

that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

Plaintiff's submission does not comply with Rule 8 because it does not contain a short and plain statement showing that she is entitled to relief. Rather, the complaint is lengthy, includes unnecessary and unimportant details, and lacks sufficient relevant details to state a claim for relief. Plaintiff fails to provide a reasonably concise statement of the facts that give rise to her claims for relief against each defendant.

**B.     Rule 20**

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or, in the alternative, the right to relief arises out of a transaction, occurrence, or series of transactions involving all of the defendants; and (B) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Although courts have interpreted Rule 20(a)(2) liberally to allow related claims to be tried within a single proceeding, *see Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation" that a plaintiff was injured by all of the defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a), *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Plaintiff's complaint also fails to comply with Rule 20 because it joins many different claims against various different defendants that appear to be unrelated. Plaintiff's assertion of a

conspiracy by Ann Nesby and other defendants from *Harley I*, without plausible facts, is insufficient to make the asserted claims factually related in compliance with Rule 20.

**C.    Claim Preclusion**

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). Although claim preclusion is usually an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue of claim preclusion. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Any claims that Plaintiff seeks to bring involving the same parties or their privies, arising out of the same sets of transactions as *Harley I*, are barred under the doctrine of claim preclusion. Because *Harley I* was adjudicated on the merits, Plaintiff cannot again raise in this action any claims or issues that were adjudicated in that action.

**D.    Federal Claims**

Plaintiff brings a number of claims that purportedly fall within the Court's federal question jurisdiction. She repeatedly asserts that the defendants violated her constitutional rights.

But because the defendants are not state actors, she cannot seek redress under 42 U.S.C. § 1983,[2] the statute under which constitutional claims are generally brought. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). Plaintiff also brings claims under the Copyright Act, 17 U.S.C. § 101, *et seq.*,[3] but those claims appear to be based on the same transaction and against the same defendants as *Harley I*, and as noted above, are barred under the doctrine of claim preclusion. Plaintiff further asserts a conspiracy claim as to all the defendants. But even if her assertions are liberally construed as a claim under 42 U.S.C. § 1985,[4] they must be dismissed because the claims are vague and unsupported by actual facts. *See Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). Plaintiff's federal constitutional and statutory claims are dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted).

[3] To establish copyright infringement, a claimant must show (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).[3] A plaintiff with a valid copyright proves infringement by demonstrating that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work. *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 562 (S.D.N.Y. 2009) (citation omitted).

[4] To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts that plausibly show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id*. (internal quotation marks and citation omitted).

**E.     State-Law Claims**

As Plaintiff fails to state a federal claim, the Court declines to exercise supplemental jurisdiction over her state-law claims. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained). But Plaintiff also invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. To establish jurisdiction under § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

For diversity purposes, a corporation is a citizen of both the State where it is incorporated and the State where it has its "nerve center," generally its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). But the citizenship of a limited liability corporation depends on the citizenship of its members, *see Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability corporation "takes the citizenship of each of its members" for diversity purposes), and "[a]n individual's citizenship, within the meaning of the diversity statue, is determined by his domicile,"[5] *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

Plaintiff alleges that she is domiciled in New York. Although she does not clearly identify where each defendant is domiciled, her allegations indicate that some of the defendants are

---

[5] "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – i.e., "the place to which, whenever he is absent, he or she has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).

domiciled in New York, precluding complete diversity of citizenship. The Court therefore lacks diversity jurisdiction over any state-law claims that Plaintiff may be asserting. *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO REPLEAD

The Court dismisses this action for Plaintiff's failure to state a claim on which relief may be granted and for lack of jurisdiction over her state-law claims. In an abundance of caution and in light of the Second Circuit's direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the Plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011), the Court grants Plaintiff thirty days' leave to submit an amended complaint that addresses the deficiencies above.

The Court strongly encourages Plaintiff to limit her amended complaint to no more than twenty pages, as that length is more than adequate to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no need for Plaintiff to attach exhibits. In addition, Plaintiff's amended complaint must state a coherent, cohesive, or chronological description of the events giving rise to her claims against each defendant. Plaintiff must also show that all of the named defendants should be joined in this action because her claims arose out of the same transaction, occurrence, or series of transactions that involved each defendant, or there is a question of law or fact common to all of the named defendants.

Plaintiff must also provide facts that demonstrate that this Court may properly exercise diversity jurisdiction over her state-law claims. Plaintiff must allege where each defendant named as defendant is domiciled and assert facts showing that no defendant is a citizen of New York, the state where Plaintiff is domiciled. In addition, Plaintiff must allege facts showing to a "reasonable probability" that her claims amount to more than the sum or value of $75,000.00, the

statutory jurisdictional amount.[6] Plaintiff should also omit from the amended complaint any claims that were raised and adjudicated in *Harley I*, which are precluded under the doctrine of claim preclusion.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff thirty days' leave to file an amended complaint. The Clerk of Court is instructed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[6] It is well settled that the sum claimed by the plaintiff will control if the claim is apparently made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). It is the Court's duty, however, to dismiss actions where "the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." *Tongkook Ame., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).