UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEGGY HARLEY,

Plaintiff,

-against-

STREAMLICENSING NETWORKS LLC, et al.,

Defendants.

18-CV-9528 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. On July 3, 2019, the Court dismissed the action but granted Plaintiff thirty days' leave to replead her claims in an amended complaint. Plaintiff failed to file an amended complaint, and on August 13, 2019, the Court issued a civil judgment. But on August 22, 2019, Plaintiff filed two motions – one motion to correct a clerical mistake under Rule 60(a) of the Federal Rules of Civil Procedure, and a second motion challenging the July 3, 2019 dismissal order.

The Court liberally construes Plaintiff's second motion to vacate the order of dismissal and civil judgment (ECF No. 7) as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

After reviewing the arguments in Plaintiff's submissions, the Court grants the first motion to correct a clerical mistake under Fed. R. Civ. P. Rule 60(a), but denies the second motion to vacate the dismissal order and judgment under Fed. R. Civ. P. 59(e) and 60(b) and Local Civil Rule 6.3.

## DISCUSSION

### A. Motion to Correct Clerical Mistake

Under Rule 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule permits a court "to conform [an] order to 'the contemporaneous intent of the court.'" *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 837 (2d Cir. 1984) (quoting *Jackson v. Jackson*, 276 F.2d 501, 503 (D.C. Cir. 1960)). The grant of a motion under Rule 60(a) does not result in relief from the underlying judgment. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977).

Plaintiff points out in her motion that on page 2, paragraph 2 of the July 3, 2019 order of dismissal, the Court incorrectly refers to her prior case, designated as "*Harley I*," as "*Harper I*." Accordingly, the Court grants Plaintiff's Rule 60(a) motion and amends the July 3, 2019 order of dismissal to reflect that the reference to *Harper I* on page 2, paragraph 2 of the order should be *Harley I*.

### B. Motion to Vacate the Judgement

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage

litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff, who previously had a copyright infringement case in this Court, *Harley v. Nesby*, No. 08-CV-5791 (KBF) (HBP) (S.D.N.Y. Sept. 26, 2012) (*Harley I*), filed this action against many of the same defendants from *Harley I*, along with a slew of other defendants, based on what appeared to be unrelated conduct. On June 3, 2019, the Court held the following: (1) the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff did not provide a reasonably concise statement of the facts giving rise to her claims; (2) the complaint did not meet the joinder requirements of Rule 20 of the Federal Rules of Civil Procedure as Plaintiff joined many different and unrelated claims against various defendants; (3) Plaintiff's claims involving the same parties or their privies arising out of the same sets of transactions as *Harley I* were barred under the doctrine of claim preclusion; and (4) the Court lack diversity jurisdiction over Plaintiff's state-law claims and the Court declined to exercise supplemental jurisdiction over them.

The Court granted Plaintiff thirty days' leave to submit an amended complaint stating "coherent, cohesive, or chronological description of the events giving rise to her claims against each defendant." (ECF No. 4, 9.) The Court further directed Plaintiff to show that all of the named defendants should be joined in the same action because her claims arose from the same

transactions or occurrences, or shared a common question of law, and to demonstrate that the Court could properly exercise jurisdiction over her state-law claims. Finally, the Court directed Plaintiff to omit from the amended complaint any claims that were raised and adjudicated in *Harley I*.

Plaintiff now brings this motion to vacate the dismissal order and judgment asserting the following:

> I did not submit and [sic] Amended Complaint to the court on the grounds of entrapment, incrimination and possible loss of Rights by doing so. The Sua Sponte Order Of Dismissal and Order To Amend is Judge Mcmahon's [sic] intentionally incorrect misinterpretation of Law and of my claim which I could not come into agreement with by filing an Amended Complaint which I did not construct. Her Order is purposely misguiding. "I therefore Reject, Void, Nulify [sic] and Dismissed [sic] all portions of Madames Judges [sic] Sua Sponte Order of Dismissal, her Order to file an Amended Complaint based of the [sic] her incorrect rulings therein and what could be considered legally as fraudulent Civil Judgment and judcial [sic] misconduct. Please do the right thing and Vacate both your Order of Dismissal and Civil Judgment so that my claim can be adjudicated fairly and properly. You cannot take a Rob off and make ludicris [sic] rulings to avoid the responsibility of ones [sic] oath. That doe not erase violating ones [sic] Due Process. That wasn't "Judge McMahon" and it certainly was not my complaint that Madame rule on, Hence Sua sponte judging of Harley V. Streamlicensing et al.

(ECF No. 7, 2-3.)

Plaintiff voices her disagreement with the Court's order and judgment, but she fails to demonstrate in the motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing

> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of the motion, she fails to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's Rule 60(a) motion to correct a clerical mistake (ECF No. 6) is granted, and the Court amends the July 3, 2019 order of dismissal to reflect that the reference to *Harper I* on page 2, paragraph 2 of the order should be *Harley I*. But Plaintiff's motion to vacate the judgment (ECF No. 7) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to accept no further submissions under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge